```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

WALDEN MACHT AND HARAN LLP,

                    Plaintiff,
                                                MEMORANDUM AND ORDER
          - against -
                                                24 Civ. 231 (NRB)
JULIO MARTIN HERRERA VELUTINI,

                    Defendant.

----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Walden Macht & Haran LLP ("plaintiff" or the "firm") is suing Julio Martin Herrera Velutini ("Herrera Velutini" or "defendant"), who allegedly promised to pay for the firm's expenses in representing their client in connection with an investigation by the U.S. Department of Justice involving both the defendant and their client. ECF No. 1 ("Compl."). Plaintiff commenced this action by filing a complaint on January 11, 2024, asserting claims for breach of contract, promissory estoppel, unjust enrichment, and account stated. See Compl. On April 26, 2024, this Court granted plaintiff's motion for alternative service, finding that plaintiff's efforts to serve the defendant in the United Kingdom by sending the Summons and Complaint both by messenger service and mailed by Royal Mail and signed for at the defendant's residence were sufficient to apprise him of the pendency of this action and afford him an opportunity to present his objections. See ECF No.

1

11 (the "April 2024 Order").  Further, in the April 2024 Order, this Court directed plaintiff to mail a copy of the Order to defendant's address in the United Kingdom with proof of delivery and cautioned the defendant that he faced the possibility of having a certificate of default and a default judgment entered against him if he failed to answer the complaint within 21 days.  See id. at 5.

On May 2, 2024, plaintiff filed a certificate of service reflecting that the Court's April 2024 Order was served on the defendant at his address in the United Kingdom by Royal Mail, attaching a delivery receipt showing that the order was delivered and signed for at the address.  ECF No. 12.  After defendant failed to respond, the Clerk of Court issued a certificate of default.  See ECF No. 16.  Plaintiff now seeks a default judgment in the amount of $419,792.95 for unpaid legal bills, $75,029.10 in prejudgment interest through August 12, 2024, and additional prejudgment interest at a per diem rate of $103.51 thereafter, post-judgment interest, and $922.14 in costs.[1]  See, e.g., ECF No. 17, First Declaration of Jeffrey A. Udell, plaintiff's counsel ("First Udell Decl."); ECF No. 20 ("Bill of Costs"); ECF No. 21, Second Declaration of Jeffrey A. Udell ("Second Udell Decl.").

---

[1] Plaintiff submitted a Declaration of Service stating that the request for a default judgment was served on defendant by sending the papers and exhibits to defendant's address in the United Kingdom via Fedex.  See ECF No. 18.

2

"[I]t is well established that while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotations marks omitted and alteration incorporated).  Instead, "[t]here must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." Id.; see Fed. R. Civ. P. 55(b)(2).  The plaintiff bears the burden of establishing its entitlement to the relief sought.  See Trs. of Local 813 Ins. Tr. Fund v. Rogan Bros. Sanitation Inc., No. 12 Civ. 6249, 2018 WL 1587058, at *5 (S.D.N.Y. Mar. 28, 2018).

It is clear that the Court has subject matter jurisdiction over this case, service was effectuated, and that the factual allegations contained in plaintiff's complaint establish a breach of contract.[2]  In addition, plaintiff submits two declarations of Jeffrey A. Udell, attaching the outstanding invoices totaling $419,792.95, see First Udell Decl. ¶ 6, Ex. 1, calculating pre-

---

[2] Plaintiff alleges that (1) it is a limited partnership whose partners are citizens of New York, Pennsylvania, and New Jersey; (2) the defendant is a citizen of a foreign state; and (3) the amount in controversy exceeds $75,000. See Compl ¶ 8.  Thus, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

judgment interest at 9% per annum for each unpaid bill,[3] and submitting $922.14 in costs, see Second Udell Decl. ¶¶ 3-4, Ex. 1. Having reviewed these materials, the Court concludes that plaintiff has sufficiently established its entitlement to $495,847.70, calculated as the sum of (1) $419,792.95, the unpaid balance; (2) $75,132.61 in prejudgment interest as of August 13, 2024; and (3) $922.14 in costs.

## CONCLUSION

Accordingly, plaintiff's motion for a default judgment is granted.  Plaintiff is awarded $495,847.70 and is entitled to post-judgment interest under 28 U.S.C. § 1961.  The Clerk of the Court is respectfully instructed to enter judgment for the plaintiff in accordance with this opinion and close the case.

**SO ORDERED.**

Dated:    August 13, 2024
          New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[3] In New York breach of contract cases, the prejudgment interest rate is a simple interest rate of nine percent.  N.Y. CPLR § 5004 (McKinney); see Marfia v. T.C. Ziraat Bankasi, 147 F.3d 83, 90 (2d Cir. 1998).  Prejudgment interest is awarded on damages from "the date incurred.  Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date."  N.Y. CPLR § 5001(b) (McKinney).